IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES LEWIS REDIC, | § | |
| TDCJ #440530, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1573 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND ORDER

The petitioner, James Lewis Redic (TDCJ #440530), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Redic has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging the result of a prison disciplinary conviction.  The respondent has filed a motion for summary judgment, arguing that Redic is not entitled to relief.  [Doc. # 6]. Redic has not filed a response and his time to do so has expired.  After reviewing all of the pleadings, the administrative records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

---

[1]     The petition names Warden Alfred Janicek as the respondent.  Because Redic is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes his Director Rick Thaler as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

# I.    **BACKGROUND**

Redic is presently incarcerated as the result of two felony convictions from Dallas County, Texas, for burglary of a building in cause number F86-95042-LK, and burglary of a habitation in cause number F-89A5069-QU.   Redic does not challenge any of his underlying convictions here.   Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Ellis Unit, in Huntsville, Texas, where he is presently confined.[2]   The respondent has provided the administrative report and record of the investigation, as well as an audiotape of the disciplinary hearing.   [Doc. # 7].   The charged offenses and the disciplinary proceedings are described briefly below.

On June 18, 2008, Redic was charged in disciplinary case #20080283507 with violating prison rules by attempting to assault a nurse, identified as P.C.A. Dunn, "by reaching his arm in through the [pill] window to grab her."[3]   The attempted assault did not result in any injuries.   At a disciplinary hearing on June 20, 2008, Redic entered a plea of "not guilty." After considering the charging officer's written report and her live testimony, the hearing officer found Redic guilty as charged.

---

[2]    Dallas County, where Redic's underlying convictions were entered, is not located within the Southern District of Texas.   Because Redic is currently incarcerated in Walker County, which is within the Southern District, this Court retains jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

[3]    The offense is classified as a Level 1, Code 3.3 violation of the TDCJ Disciplinary Rules and Procedures, which prohibits assaulting an officer and proscribes punishment where no weapon was used and where the altercation resulted only in a non-serious injury or no injury at all.   *See* TDCJ Disciplinary Rules and Procedures for Offenders (Rev. Jan. 2005) at 23, available at www.tdcj.state.tx.us/publications (last visited Jan. 4, 2010).

As a result of the disciplinary conviction, Redic lost his commissary privileges and he was restricted to his cell for 30 days. Redic spent 15 days in solitary confinement and he was reduced in classification status from L1 to L3. In addition, Redic forfeited 180 days of previously earned credit for good conduct (*i.e.*, "good-time credit"). Redic challenged the sufficiency of the evidence in support of his conviction by filing a Step 1 and Step 2 grievance, but his appeal was unsuccessful.

Redic now seeks a federal writ of habeas corpus to challenge his disciplinary conviction. Redic, who provides a memorandum in support of his petition, complains that the disciplinary conviction violates due process because the charges were false and not supported by sufficient evidence. Redic complains further that the hearing officer was biased against him, that he was denied an impartial hearing, and that the disciplinary process is unconstitutional. In addition, Redic complains that he was denied effective assistance of counsel. The respondent argues that, with the exception of his claim concerning the sufficiency of the evidence, Redic failed to exhaust available administrative remedies. The respondent argues further that Redic is not entitled to relief because he fails to show that he was punished without due process. The parties' contentions are discussed below under the standard of review that governs disciplinary proceedings in the prison context.

## II.     PRISON DISCIPLINARY PROCEEDINGS

### A.     Exhaustion of Administrative Remedies

The respondent contends that, with the exception of Redic's challenge to the sufficiency of the evidence, all of his claims must be dismissed as barred for lack of exhaustion. Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Texas prisoners are not required to present claims concerning disciplinary convictions to the state courts in a state habeas corpus application, because those claims are not cognizable on state habeas review. *See Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986). Instead, Texas prisoners who challenge the result of a disciplinary conviction

4

must seek relief through administrative channels by completing a two-step grievance process.[4]  *Id.*  In that regard, § 501.008 of the Texas Government Code requires inmates to fully exhaust the TDCJ administrative grievance process before resorting to court.  If an inmate fails to do so, his claims may be dismissed for failure to exhaust administrative remedies.  *See  Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

Although the pending habeas corpus petition attacks a prison disciplinary conviction, and not a state court judgment, this proceeding is governed by 28 U.S.C. § 2254.  *See, e.g., Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted).  Courts in this circuit have recognized that exhaustion of the prison grievance process is required in the disciplinary conviction context.  *See, e.g., Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (holding that "the timely pendency of prison grievance procedures" tolls the statute of limitations for habeas corpus petitions found in 28 U.S.C. § 2244(d) because prisoners are required to pursue administrative remedies); *Foley v. Cockrell*, 222 F. Supp. 2d 826, 829 (N.D. Tex. 2002) (holding that, "[b]ecause exhaustion of administrative grievance procedures is required, Petitioner is entitled to equitable tolling of the statute of limitations until the date that he completed the TDCJ administrative review process").  Although decisions about

---

[4]     TDCJ currently provides a two-step procedure for presenting administrative grievances.  *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998).  In Step 1, the prisoner submits a grievance at the institutional level.  *Id.*  If the decision at Step 1 is unfavorable, Step 2 permits the prisoner to appeal "to the division grievance investigation with the . . . Texas Department of Criminal Justice." *Id.*

prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. *See Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems").

The respondent has provided records of the disciplinary hearing and the relevant administrative grievances filed by Redic.  [Doc. # 7, Disciplinary Grievance Records, Grievance #2008166623, Steps 1 and 2].  This record shows that, in his Step 1 grievance, Redic complained that the charge against him was false and that his "counsel substitute" was ineffective for failing to locate or interview an inmate witness.  An assistant warden observed that Redic was unable to properly identify his inmate witness at the hearing and that his request to call the witness was denied for that reason.  The assistant warden also found that the evidence was sufficient to support the charge of attempted assault.  Although Redic filed a Step 2 grievance to appeal this result, he complained only that his disciplinary conviction was false and not supported by sufficient evidence.  Redic did not present any of his other claims in the Step 2 grievance appeal from his conviction in disciplinary case #20080283507.  A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  Because the Step 2

grievance challenged only the sufficiency of the evidence, Redic's remaining claims are unexhausted and subject to dismissal under the doctrine of procedural default.

Redic, who has not filed a reply to the respondent's motion for summary judgment, does not otherwise dispute that he failed to exhaust his administrative remedies with respect to the above-referenced claims and he has offered no reason for his failure to present all of his claims properly during both steps of the grievance process.  As the respondent notes, it would be futile for Redic to file additional grievances in an effort to exhaust his state administrative remedies at this late date.[5]  Because Redic has failed to argue or establish that an exception applies, his unexhausted claims must be dismissed as barred under the doctrine of procedural default.  *See Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000). Alternatively, for reasons articulated by the respondent, Redic fails to demonstrate that his defaulted claims have merit.[6]

## B.    Due Process in the Prison Disciplinary Context

---

[5]     The Court takes judicial notice that, under the applicable TDCJ procedural rules, inmates have fifteen days to file a Step 1 grievance from the date of a complained of incident. *See* TDCJ, *Offender Orientation Handbook*, at 52, available under General Information at www.tdcj.state.tx.us (last visited January 4, 2010).  Once a Step1 grievance is signed and returned to the inmate, he has fifteen additional days to appeal the result by filing a Step 2 grievance. *See id.*

[6]     The respondent argues that Redic's complaints about his counsel substitute fail to state a valid claim because the constitutional right to counsel does not apply during the prison disciplinary hearing process.  Likewise, the respondent notes that Redic's allegations of bias on the hearing officer's part are conclusory, as are his claims concerning the constitutionality of the prison disciplinary or grievance process.  Because these claims are clearly defaulted, and Redic has not filed a response to the summary judgment motion, the Court does not address these allegations further.

The respondent argues further that Redic fails to demonstrate a valid claim because he does not show that his disciplinary conviction was entered in violation of constitutionally mandated safeguards. Redic seeks a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction that resulted in the loss of 180 days of good-time credit and other miscellaneous sanctions. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). To prevail, a habeas corpus petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the

8

Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). The petitioner's claims are addressed below in connection with the sanctions imposed in order to determine whether the punishment implicates the Due Process Clause in this instance.

1.      **Miscellaneous Sanctions: Loss of Privileges, Solitary Confinement, and Reduced Status**

As a result of his disciplinary conviction, Redic lost commissary privileges for 30 days and he was restricted to his cell for that same period of time, he spent 15 days in solitary confinement, and he was reduced in classification status from L1 to L3. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because the above-referenced sanctions do not implicate a protected liberty interest, Redic is not entitled to habeas corpus relief from these forms of punishment.

### 2.     Claims Concerning Lost Good-Time Credits

As a result of his disciplinary conviction, Redic lost 180 days of previously earned good-time credit. When a state creates a right to time credit for good conduct, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Madison*, 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557). It appears that Redic is eligible for

10

mandatory supervision and, therefore, that he had a protected liberty interest in his previously earned good-time credits.  *See Teague*, 482 F.3d at 775-76 (citing *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000)).  To the extent that Redic had a liberty interest in good-time credit accrued toward his potential early release on mandatory supervision, the revocation of those credits must comply with the minimum amount of procedural protection required under the circumstances.  *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court considered the minimum level of due process required in the prison disciplinary context.  In doing so, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so."  *Id.* at 561.  Because prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply."  *Id.* at 556 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)).  The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action.  *See Wolff*, 418 U.S. at 563-67.

11

Redic does not complain that he received insufficient notice of the charges or that he was denied a written statement of the reason for his conviction. Although Redic alleges that he was denied the opportunity to call another inmate as a witness, the record shows that he did not identify this inmate with particularity or provide specific details about his proposed testimony.[7] The Court has reviewed the written records associated with disciplinary case #20080283507, and the disciplinary hearing audiotape submitted by respondent. The disciplinary hearing records confirm that Redic was afforded ample notice of the charges against him, along with an opportunity to appear and present a defense at a disciplinary hearing. He was also given a written copy of the *TDCJ Disciplinary Report and Hearing Record* detailing the reasons for his conviction. Accordingly, Redic fails to demonstrate that he was denied the minimum level of procedural due process as dictated by the Supreme Court in *Wolff*, 418 U.S. at 563-67.

### 3.    Sufficiency of the Evidence

Redic claims that his disciplinary conviction is unconstitutional because the charges were "false" and not supported by any credible evidence. He maintains, therefore, that he

---

[7]    The record shows that Redic identified the inmate by his nickname only. This inmate witness was reportedly known as "Big." The hearing officer determined that the information was insufficient to identify the witness. Redic was assisted by an appointed counsel substitute during his disciplinary proceeding. Redic blames his counsel substitute for failing to find the witness and present his testimony. As the hearing officer explained during the hearing, however, that counsel cannot find a witness without adequate information. To the extent that Redic complains that his hearing violated due process because his counsel substitute's performance was inadequate, the respondent correctly notes that there is no constitutional right to the effective assistance of counsel in the prison disciplinary context. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).

is actually innocent.   The Court construes Redic's allegations as a challenge to the sufficiency of the evidence.

In addition to the procedural safeguards articulated in *Wolff*, disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process.   *See Hill*, 472 U.S. at 457; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001).   It is well settled, however, that "federal courts cannot retry every prison disciplinary dispute; rather the court may act only where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).   In other words, when reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. Unit A 1981); *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995); *Turner v. Johnson*, 46 F. Supp. 2d 655, 660 (S.D. Tex. 1999).   To satisfy the Due Process Clause in the context of prison disciplinary proceedings "requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457.   "The goal of this standard —  variously a 'modicum of evidence,' 'any evidence,' or 'some evidence' — is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001) (citing *Hill*, 472 U.S. at 455).   Thus, federal habeas corpus courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings, and need only examine whether the guilty finding has the "support of 'some facts' or 'any evidence at all.'" *Hudson*, 242 F.3d at 537.

13

The record shows that, in addition to providing a written report of the incident, Nurse Dunn testified at the disciplinary hearing and described how Redic attempted to grab her while she was dispensing medication at the pill window.  [Doc. #7, Disciplinary Hearing Record and Audiotape].  Dunn stated that, when she asked Redic for his prison identification card, he responded with a crude remark (telling her to "suck his xxxx").  He then reached through the pill window and attempted to grab her, causing her to jump back.  The written offense report and testimony from a charging officer is more than sufficient evidence to sustain the disciplinary conviction in this instance.  *See Hudson*, 242 F.3d at 537 (finding that the offense report, standing alone, meets the "some evidence" standard).

Although Redic disputes Nurse Dunn's account, a federal habeas corpus court may not weigh evidence when reviewing a prison disciplinary proceeding.  *See Hill*, 472 U.S. at 455; *Hudson*, 242 F.3d at 537.  Because there was sufficient evidence to support the guilty finding, this Court must defer to the disciplinary hearing officer.  *See Hudson*, 242 F.3d at 537.  Redic has not demonstrated that he was denied due process or that the challenged disciplinary conviction fails for lack of sufficient evidence.  Accordingly, the respondent is entitled to summary judgment and the petition must be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28

U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any

procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

IV.   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The respondent's motion for summary judgment [Doc. # 6] is **GRANTED**.

2.      The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>January 6, 2010</u>.

Nancy F. Atlas
United States District Judge

16